NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GIOVANNI MARTINEZ; et al., | No. 16-56327 |
| Plaintiffs, | D.C. No. 2:15-cv-05112-RGK-E |
| and | |
| ANDREW NELSON, proposed plaintiff intervenor and SAMUEL FALCON, proposed plaintiff intervenor, | ORDER* |
| Movants-Appellants, | |
| v. | |
| FLOWERS FOODS, INC; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted April 13, 2018**
San Francisco, California

Before: WARDLAW and HURWITZ, Circuit Judges, and OLIVER,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

The complaint in this diversity case asserted claims on behalf of a putative class of present and former truck drivers against Flowers Foods, Inc. and related entities, alleging that the drivers should have been treated as employees rather than independent contractors. After the district court denied class certification, the parties settled and stipulated to dismissal of the action with prejudice. Pursuant to the stipulation, the district court entered the proposed judgment. Andrew Nelson and Samuel Falcon then moved to intervene both as of right under Federal Rule of Civil Procedure 24(a) and permissively under Rule 24(b), seeking to challenge the denial of class certification. The district court denied the motion and this appeal by Nelson and Falcon followed.

We dismiss the appeal for lack of jurisdiction. In *Microsoft Corp. v. Baker*, the Supreme Court held that 28 U.S.C. § 1291 does not establish jurisdiction over an appeal from a denial of class certification if the named plaintiffs stipulated to the dismissal with prejudice of their individual claims. 137 S. Ct. 1702, 1715 (2017). And, in *Bobbitt v. Milberg LLP*, --- F. App'x. ---- (9th Cir. 2018), after a remand by the Supreme Court in light of *Baker*, we dismissed an appeal by proposed intervenors who sought to challenge the denial of class certification. As here, the appeal in *Bobbitt* was filed after the plaintiffs had "stipulated to voluntary dismissal with prejudice of their personal claims." *Id.*

**APPEAL DISMISSED.**